**SO ORDERED.**

**SIGNED April 28, 2014.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: JOSEPH MCGILLICK CORBETT | CASE NO. 13-50454 |
| | CHAPTER 7 |

_____

### ORDER AUTHORIZING TRUSTEE TO SELL DEBTOR'S IMMOVABLE PROPERTY LOCATED AT 3819 NORTH OAK DRIVE, #I 72, TAMPA, FLORIDA, 33611 FREE AND CLEAR OF ANY AND ALL LIENS, MORTGAGES AND ENCUMBRANCES

This matter having come before the Court on April 15, 2014, on the Debtor's Motion to Sell Debtor's Immovable Property Free and Clear of Any and All Liens, Mortgages and Encumbrances (the "Motion"). Present in Court were Rodd C, Richoux, Attorney For Debtor, Joseph McGillick Corbett, Debtor (the "Debtor"), and Paul N. DeBaillon, Chapter 7 Trustee ("Trustee"). Considering the Motion, argument of Counsel and Trustee, pleadings, law, evidence submitted, and record in this case, the Court finds:

1. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and,

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and,

3. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No timely response or objection was filed to the Motion; and,

4. Notice was properly given that was reasonably calculated, under all circumstances, to apprise all interested parties of the pendency of the Motion and which afforded all interested parties an opportunity to present their objections; and,

5. On April 23, 2013, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed as the Chapter 7 Trustee; and,

6. The Bankruptcy Estate included one parcel of non-exempt real property (immovable property) subject to certain liens as follows:

   a. Townhome (condominium) located at 3819 N. Oak Dr., Unit I 72, Tampa, Florida more fully described as:
   Condominium Unit 72, Building I of FAIR OAKS NORTH, a condominium according to the Declaration of Condominium filed August 20, 1979 in O.R. Book 3552, page 1299, amended in O.R. Book 3597, page 753 and in O.R. Book 3600, page 1516 and plat recorded in Condominium Plat Book 2, Page 49 of Public Records of Hillsborough County, Florida, together with any and all undivided interest in the common elements appurtenant thereto and made a part thereof.

   **(the "Condo").**

   b. The Condo is encumbered by the following liens, the ranking of which will be determined through subsequent proceedings, which are as follows:
   i. Ad valorem property taxes in the total amount of approximately $960.52; and,

   ii. Home Owners Association fees owed to Fairoaks North, Inc. in the approximate amount of $5,163.09.; and,

   iii. First Mortgage held by Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1, as Serviced by Specialized Loan Servicing, LLC in the approximate amount of $120,935.00 ("Wells Fargo").

7. The Debtor's Statement Of Intention shows the intent to surrender the Condo.

8. On August 1, 2013, Wells Fargo obtained and Order lifting the Automatic Stay on the Condo.

9. On August 9, 2013, the Debtor received his Discharge.

10. On October 23, 2013 the Trustee filed his Final Report.

11. On January 22, 2014, the case was closed thereby abandoning the Condo.

12. That subsequent to the Debtor's Discharge, the Debtor commenced accruing non-dischargeable homeowner's association fees on the Condo to Fairoaks North, Inc. and Ad Valorem Taxes to Doug Beldon, Hillsborough County Tax Collector. These fees and taxes will continue to accrue until the Debtor transferred ownership of the Condo.

13. That despite repeated efforts of the Debtor and Debtor's Attorney to transfer the Condo to Wells Fargo to satisfy the Debtor's surrender intention or to determine from Wells Fargo when a foreclosure would be commenced, Wells Fargo was non-responsive.

14. On February 20, 2014 the Debtor filed a Motion To Reopen the Bankruptcy Case which was granted by Court Order on February 25, 2014 and the Trustee was reappointed.

15. On March 14, 2014, the Debtor filed the Motion requesting this Court's approval to sell the Condo free and clear of any and all liens, mortgages and encumbrances to Wein-Air, Inc. For a total price of TWENTY-ONE THOUSAND FIVE HUNDRED AND 00/100 ($21,500.00) DOLLARS CASH to WEIN-AIR, INC.

16. That the Trustee has adopted the Motion in its entirety and that the Condo is once again property of the Bankruptcy Estate .

17. That the Trustee's sale of the Condo to the Buyers as proposed in the Motion constitutes a sound exercise of the Trustee's business judgment.

18. That the sale of the Condo will preserve the Debtor's Fresh Start under his Chapter 7 Discharge by ceasing the continued assessment against the Debtor of Ad Valorem Taxes and Homeowners Association Fees all in accordance with 11 USC 105(a) and *In re Pigg, 453 B.R. 728 (Bankr. M.D. Tenn., 2011)*.

19. That the standards of 11 USC 363(f) are satisfied in this case to allow the Trustee's sale of the Condo to the WEIN-AIR, INC. as proposed in the Motion to be made free and clear of any and all liens, mortgages and encumbrances. Specifically, subject to a subsequent lien ranking proceeding to be instituted by the Trustee, all lienholders will be satisfied from the purchase price of $21,500.00. [1]

20. That the failure to respond to the Motion by any interested party, including, but not limited to Wells Fargo, Fairoaks North, Inc. and Doug Beldon, Hillsborough County Tax Collector Section, constitutes their unequivocal consent to the Motion.

21. That the Debtor is the sole owner of a 100% interest in and to the Condo and is fully satisfied with the purchase price.

---

[1] The Motion proposed the following ranking and payments: First $2,500 in attorney fees, Second $960.52 to Doug Beldon, Hillsborough County Tax Collector, Third, $5,163.09 to Farioaks North, Inc. and Fourth the balance to Wells Fargo. This ranking and amounts will be subject to subsequent court order.

**CONSIDERING** all of the foregoing,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion to Sell Debtor's Immovable Property Free and Clear of Any and All Liens, Mortgages and Encumbrances be and it is hereby **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee shall and hereby is authorized to sell the Condo free and clear of any and all liens, mortgages claims, and encumbrances to the WEIN-AIR, INC. for TWENTY-ONE THOUSAND FIVE HUNDRED AND 00/100 ($21,500.00) DOLLARS CASH, more particularly described as:

> Condominium Unit 72, Building 1, FAIR OAKS NORTH, A CONDOMINIUM, according to the Declaration of condominium filed August 20, 1979 in O.R. Book 3597, Page 753 and in O.R. Book 3600, Page 1516 and plat recorded in Condominium Plat Book 2, Page 49, Public Records of Hillsborough County, Florida: together with and undivided interest in the common elements appurtenant thereto and made a part thereof and bearing the municipal address of 3819 N. OAK DR., TAMPA, FLORIDA.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee shall hold the sale proceeds pending further orders of this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee shall file pleadings he deems appropriate to determine the lien ranking and distribution amounts for the sale proceeds.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee is authorized to pay all allowed administrative expenses in this case in preference of and prior to any claimants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee is authorized to adjust the sale price for the Condo to pro rate 2014 ad valorem property taxes and homeowners association fees with WEIN-AIR, INC. as of the closing date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee's conveyance of the Condo shall be free and clear of all liens, mortgages, and encumbrances

pursuant to Section 363(f) of the Bankruptcy Code.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1 shall release their respective liens/mortgage/encumbrances on the Condo immediately upon closing on the terms described in this Order; provided, however, that the Trustee shall be and hereby is authorized to execute any document necessary to release any lien, mortgage, or encumbrance of Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1 at closing on the terms described in this Order; provided further, however, that regardless of whether Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1 releases their respective lien, mortgage, or encumbrance on the Condo, this Order shall be conclusive proof that the Trustee has sold the Condo free and clear of all liens, claims, and encumbrances of Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1; and finally provided further that regardless of whether Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1 release their respective liens, mortgages, or encumbrances on the Condo, the Honorable Pat Frank, Clerk Of the Circuit Court For Hillsborough County, State Of Florida, be and is hereby authorized and directed to cancel any and all liens, claims, and encumbrances of Fairoaks North, Inc., Doug Beldon, Hillsborough County Tax Collector, and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD1 on the Condo filed in the Public Records of Hillsborough County, Florida.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that in the event WEIN-AIR, INC. fails to close the sale of its Parcel on or before April 29, 2014, then the Trustee is authorized to sell that Parcel to any third party who pays at least the price approved in this Order on the same terms approved in this Order. However, the Trustee and Wein-Air, Inc. may extend the April 29, 2014 closing date from time to time in order to cure any title defects to ensure that a clear and unencumbered title is transferred to Wein-Air, Inc.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the fourteen (14) day stay provided under Rule 6004(g) of the Federal Rules of Bankruptcy Procedure shall not apply and the Trustee may close the sale of the Condo immediately upon entry of this Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee and the Debtor shall be and are hereby authorized to do any and all things necessary to close the sale of the Condo on the terms stated in this Order.

###

This order was prepared and is being submitted by:
RICHOUX LAW FIRM, L.L.C.
By:                /s/ RODD C. RICHOUX
Attorney for:      JOSEPH MCGILLICK CORBETT
Bar Number:        24624
Mailing Address:   110 E. Kaliste Saloom Road, Suite 205, Lafayette, LA 70508
Telephone Number:  (337) 269-8935